UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MIKEL JAMES BOLANDER,<br><br>　　　　　　Defendant. | Criminal No. 01-CR-2864-L<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DECLARE SUPERVISED RELEASE EXPIRED** |

On May 24, 2010, the Court received a letter from Defendant Mikel James Bolander, which the Court treated as a motion for a declaration that Defendant's supervised release has expired. The Government has filed a response, and Defendant has replied. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will deny Defendant's motion.

## BACKGROUND

Defendant is a federal prisoner who is being held in the custody of the Bureau of Prisons pending the resolution of civil commitment proceedings pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248. In February 2002, Defendant was committed to the custody of the Bureau of Prisons to serve three sentences of imprisonment, arising from a conviction for possession of child pornography and two violations of supervised release. Defendant was also sentenced to a three-year term of supervised release. Shortly before

Defendant was to be released, the Government filed a "Certification of a Sexually Dangerous Person" under 18 U.S.C. § 4248(a). As a result, Defendant has remained in custody beyond his term of incarceration.

## ANALYSIS

The issue before the Court is whether Defendant's term of supervised release commenced on February 9, 2007, when his term of incarceration expired, or whether it does not commence until his civil commitment proceedings under § 4248 have ended.

There are no reported cases that have addressed this precise issue. The Court therefore looks to the applicable statutory language. "The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter." *Good Samaritan Hospital v. Shalala*, 508 U.S. 402, 409 (1993).

Section 3624 of Title 18 of the Unites States Code, which governs the release of federal prisoners provides in relevant part:

> (a) A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b).
> . . .
>
> (e) A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. **The term of supervised release commences on the day the person is released from imprisonment** and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(a), (e) (emphasis added).

Section 4248 of Title 18 of the United States Code, which governs the civil commitment of sexually dangerous persons, provides:

> In relation to a person who is in the custody of the Bureau of Prisons, . . . the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. . . . The court shall order a hearing to determine when the person is a sexually dangerous person. **A certificate filed under this section shall stay the release of the person pending completion of procedures contained in this section.**

18 U.S.C. § 4248(a) (emphasis added).

The Court finds that these statutes, read together, direct that supervised release does not begin when an individual is the custody of the Bureau of Prisons awaiting the resolution of commitment proceedings under § 4248 because he has not been "*released* from imprisonment." A prisoner is to be released on the date that his term of imprisonment expires. § 3624(a). And when the prisoner's sentence includes a term of supervised release, that term commences on the actual day he is released from the custody of the Bureau of Prisons. § 3624(e). If, however, the Government files a certification under § 4248, the prisoner's release is stayed. *United States v. Comstock*, 130 S.Ct. 1949, 1954 (2010) ("When such a certification is filed, the statute automatically stays the individual's release from prison."). Because the release is stayed, the commencement of the prisoner's term of supervised release is not triggered.

This construction is in accord with *United States v. Johnson*, 529 U.S. 53, 57 (2000), where the United States Supreme Court held "[s]upervised release does not run while an individual remains in the custody of the Bureau of Prisons." The issue in *Johnson* was whether excess time served on a vacated conviction could reduce the length of a supervised release term. The Supreme Court held that it could not. *Id.* at 60. Although *Johnson* is factually distinguishable from the present case, the Supreme Court's analysis of § 3624(e) is instructive.

In *Johnson*, the Supreme Court looked at the language "is released from imprisonment" in § 3624(e) and found that "the ordinary, commonsense meaning of release is to be freed from confinement." *Id.* at 57. And the Court stated that the phrase "on the day the person is released" "suggests a strict temporal interpretation." *Id.* The Court concluded "[T]he statute's direction is clear and precise. Release takes place on the day the prisoner is in fact freed from confinement."

3

*Id.* at 58. The Court therefore found that a term of supervised release commences upon the prisoner's actual release from prison and not the date that his lawful term of imprisonment expires. *Id.*

Here, the stay on Defendant's release has not been lifted because his civil commitment proceedings have not yet ended. Therefore the Court finds that Defendant's term of supervised release has not yet commenced.[1]

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant's term of supervised has not expired. Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 21, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Defendant
U.S. Attorney's Office
Probation

---

[1] At the conclusion of the civil commitment proceedings, Defendant will either be civilly committed to the custody of the Attorney General (if he is found to be a sexually dangerous person), or he will be released. *See* 18 U.S.C. § 4248 (d). In either event, the stay on his release from the custody of the Bureau of Prisons will be lifted, and his term of supervised release will begin.